### In re TOWN OF HEMPSTEAD.

(Supreme Court, Appellate Division, Second Department. June 28, 1898.)

APPEAL—SPECIAL PROCEEDING.
    A proceeding under section 3 of the "General Municipal Law" (Laws 1892, c. 685), for a summary investigation into the financial affairs of a town, is a special proceeding, under Code Civ. Proc. § 3334, and therefore appealable, under section 1356, to the appellate division of the supreme court.

Appeal from trial term, Kings county.

In the matter of the investigation of the financial affairs of the town of Hempstead. From the judgment rendered therein, the members of the town board of audit appeal. Motion to dismiss denied.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Thomas Young, for the motion.
Henry A. Monfort, opposed.

CULLEN, J. This is a proceeding taken under section 3 of the general municipal law. As a result of the investigation had, the learned judge made an order declaring that certain portions of the bills of the board of audit should not be paid, and granted an injunction restraining their payment. He also adjudged that the de-

fendants, the members of the town board, with others whose accounts were examined, should pay the costs of the proceeding, which exceeded the sum of $1,000. This motion is based on the claim that the proceeding authorized by statute is not a special proceeding in court. The Code provides (sections 3333 and 3334):

"The word 'action,' as used in the new revision of the statutes, when applied to judicial proceedings, signifies an ordinary prosecution, in a court of justice, by a party against another party, for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense. Every other prosecution by a party, for either of the purposes specified in the last section, is a special proceeding."

The proceeding before us is not similar to the action of referees, in the laying out of a highway, or of assessors and other taxing officers in the levy or imposition of a tax, or of public boards in determining who is the lowest responsible bidder for any proposed improvement. In those cases the action of public officers is "judicial" only in the broad sense of that term; that is to say, their action is governed by the exercise of judgment and discretion. Nevertheless, though judicial in this sense, their action is unquestionably that of the administrative or executive branch of the government. Proceedings had before such officers are therefore not proceedings in court, and review is by certiorari. But this proceeding is of entirely different character. It is "judicial" in the narrowest and strictest sense of that term,—that of pertaining to the administration of justice through the courts. The power granted the judge in this proceeding is not only to make the investigation, but, as a result of that investigation, he determines the legality and propriety of the conduct of public officers. He may grant an order restraining expenditure he deems illegal or improper, and may impose the costs of the proceeding on the parties in fault. The judge thus exercises the most powerful arm of an equity court,—that of granting injunctions. It would seem that his power in this proceeding may be greater than that of the court in a taxpayer's action brought under the Tulden act. In the taxpayer's action the court can restrain the action of public officers only if they are illegal or corrupt. Ziegler v. Chapin, 126 N. Y. 342, 27 N. E. 471. In this proceeding it may be that he can restrain action whose only vice is that it is improvident. We doubt very much whether the legislature could confer these powers on any but the judicial branch of the government. The tendency of the later decisions in this state has been to consider orders made in all statutory proceedings of this character appealable. People v. Board of Canvassers of Richmond Co., 156 N. Y. 36, 50 N. E. 425; In re Madden, 148 N. Y. 136, 42 N. E. 534. If this is a judicial proceeding, then it is a special proceeding, within the definition of the Code above cited; and, by section 1356 of the Code, an appeal lies from the order of the judge to this branch of the court. All concur.

Motion to dismiss appeal denied, with $10 costs to the appellants.